Kristin A. Zilberstein, Esq. (SBN 24104960)
GHIDOTTI BERGER, LLP
600 E. John Carpenter Fwy., Ste. 175
Irving, TX 75062
Ph:  (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottiberger.com

**Attorneys for Movant,**
U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust, its successors and/or assignees

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE:<br><br>**CHERICE ELAINE WHITE,**<br><br>    DEBTORS,<br><br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE IGLOO SERIES IV TRUST**<br><br>    MOVANT,<br><br>**CHERICE ELAINE WHITE,<br>THOMAS POWERS,**<br><br>    RESPONDENTS. | CASE NO.: 15-35164-bjh13<br><br>CHAPTER 13 |

**MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE IGLOO SERIES IV TRUST, FOR RELIEF FORM STAY AGAINST DEBTOR AND CO-DEBTOR REGARDING PROPERTY LOCATED AT  1209 HOLLOW CREST DRIVE, DESOTO, TX 75115 PURSUANT TO 11 U.S.C. §362 AND 11 U.S.C. §1301(a)**

## NOTICE

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY FILED RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

## WAIVER OF THIRTY DAY REQUIREMENT

**Movant desires to waive the requirement of a hearing within thirty (30) days under Section 362€ and requests a hearing at the next available date.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust ("**Movant**"), by and through the undersigned attorney, and moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 and §1301(c)

1. This Motion is brought pursuant to 11 U.S.C. §362(d)(1) and §1301(c) in accordance with Rule 4001 of the Bankruptcy Rules.

2. The borrowers, Hassan El-Amin and Cherice W. El-Amin ("**Borrowers**") executed and delivered to Intrust Mortgage, Inc., a Note, dated December 14, 2007, with an original principal balance of $200,000.00 (the "**Note**"). A true and correct copy of the Note is attached as **Exhibit "A"** to the Declaration and is incorporated herein by reference for all purposes.

3. Movant is the current owner of the Note and is in possession of the original Note.

4. Concurrently therewith, and as security for the Note, the Borrowers executed and delivered to Intrust Mortgage, Inc., a Deed of Trust ("**Deed of Trust**"), dated December 14, 2007, and filed of record with the County Clerk of Dallas County, Texas against the real property located at 1209 HOLLOW CREST DRIVE, DESOTO, TX 75115 ("Property"), and more specifically described as:

> **LOT 21, BLOCK A, OF CHURCHILL ESTATES, PHASE I, AN ADDITION TO THE CITY OF DESOTO, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 2001088, PAGE 86, PLAT RECORDS, DALLAS COUNTY, TEXAS.**

A true and correct copy of the Deed of Trust, and all necessary assignments are attached to the Declaration as **Exhibit "B"** and are incorporated herein by reference for all purposes.

5. On December 31, 2015, Debtor, Cherice Elaine White ("Debtor") filed a Chapter 13 Bankruptcy petition commencing the instant action.

6. The filing of the petition for an order of relief under Chapter 13 has automatically stayed Movant, pursuant to 11 U.S.C. § 362 and §1301(a), from proceeding to collect the debt. Continuation of the Stay under § 362 and §1301(a) will cause irreparable harm to Movant.

7. Prior to the filing of the petition, Borrowers were indebted to Movant according to the terms and conditions of the Note and Deed of Trust.  Borrowers have failed to maintain current the post-petition payments due under the Note, and as of December 5, 2019 are in arrears for 34 payments from March 1, 2017 through and including the December 1, 2019 payment as follows:

| Payments Due: | Payment | | Total Default |
|---|---|---|---|
| 03/01/17-12/01/19 | 34 @ $2,051.12 | = | $69,738.08 |
| Late Charges | | = | $     63.21 |
| Unapplied Funds | | = | $  1,034.87 |
| **TOTAL:** | | | **$68,766.42** |

8. An additional payment will come due on January 1, 2020 in the amount of $2,051.12.

9. A payment history is attached to the Declaration as **Exhibit "C"** and incorporated herein by reference for all purposes.

10. The application of 11 U.S.C. §1301(a) automatically stayed Movant from exercising its' right to collect said debt. Movant has the lawful right to collect payments from the Co-Debtor, to the extent that Debtor fails to tender regular monthly mortgage payments. Pursuant to 11 U.S.C. §1301(a) the court shall grant relief from the stay provided by subsection (a) of §1301 with respect to a creditor, to the extent that the debtor and the individual protected under subsection (a) received the consideration for the claim held by such creditor. Here, Debtor and the Co-Debtor, each received the consideration for the claim held by Movant. Therefore, relief from the co-debtor stay of 11 U.S.C. §1301(a) is proper. Failure to terminate the co-debtor stay of 11 U.S.C. §1301(a) will result in irreparable harm to Movant.

11. Movant submits that cause exists to grant relief under 11 U.S.C. 362 §(d)(1). 11 U.S.C. § 362(d)(1) provides that a party may seek relief from stay based upon "cause", including lack of adequate protection.

12. Based on the foregoing, Movant is not receiving regular monthly payments, and is unfairly delayed from proceeding the foreclosure of the subject Property. Accordingly, relief from the Automatic Stay and co-debtor stay should be granted to Movant.

**WHEREFORE, PREMISES CONSIDERED,** Movant, prays for:

1. An Order from this Court, pursuant to 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 1301, terminating the automatic stay as to Movant and the Co-Debtor Stay as to Co-Debtor, so that Movant may exercise or cause to be exercised any and all rights under its Note and/or Deed of Trust and any and all rights after the foreclosure sale, including, but not limited to, the right to commence foreclosure proceedings on the property and the right to proceed in unlawful detainer;

2. For waiver of Rule 4001(a)(3) to allow Movant to immediately enforce and implement any order granting relief form the automatic stay.

3. For reasonable attorneys' fees as a secured claim under 11 U.S.C. § 506(b);

4. For costs incurred or expended in suit herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: December 23, 2019

                                          Respectfully submitted,

/S/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
State Bar No.: 24104960
600 E John Carpenter Fwy., Ste.175
Irving, TX 75062
Tel: (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottiberger.com
**COUNSEL FOR MOVANT**